## STATE v. BUFFONE.

No. 4198.    Decided March 9, 1925.    (234 P. 539.)

1. WITNESSES—CONFLICTING STATEMENTS OF WITNESS OUT OF COURT ARE ADMISSIBLE TO AFFECT CREDIBILITY. Statements of witness out of court, which are in conflict with his testimony, may be shown to impeach him.

2. WITNESSES—BEFORE WITNESS MAY BE IMPEACHED FOR CONFLICTING STATEMENTS MADE OUT OF COURT, HIS ATTENTION MUST BE CALLED THERETO. Before witness may be impeached for conflicting statements made out of court, his attention must be called thereto and time when and place where they were made, and substance thereof must be stated, to him.

3. WITNESSES—IF WITNESS DENIES ALLEGED CONFLICTING STATEMENTS MADE OUT OF COURT, WITNESSES MAY BE CALLED TO PROVE THEM. If witness denies statements made out of court in conflict with his testimony, witnesses may be called to prove statements and thus impeach him.

4. CRIMINAL LAW—DEFENDANT HAVING OBTAINED FULL BENEFIT OF PROSECUTING WITNESS' CONFLICTING STATEMENTS, EXCLUDING PROFFERED EVIDENCE THEREOF WAS NOT ERRONEOUS. Where, in action for assault with intent to inflict bodily harm, prosecuting witness denies that he possessed a gun at time of assault,

but on being recalled admitted the fact and that he had made conflicting statements out of court, there was no error in excluding other testimony as to such statements.

5.   CRIMINAL LAW—ALLEGED MISCONDUCT OF PROSECUTING ATTORNEY AND WITNESS HELD NOT TO HAVE CONSTITUTED NEWLY DISCOVERED EVIDENCE.   Where fact of prosecuting witness' conflicting statements as to possession of gun at time of assault was known to defendant before close of evidence, alleged misconduct of witness or district attorney in keeping such fact from evidence did not constitute newly discovered evidence.

6.   CRIMINAL LAW—FACT THAT CROSS-EXAMINATION WAS NOT LIMITED TO SUBJECT OF TESTIMONY IN CHIEF HELD INSUFFICIENT TO AUTHORIZE REVERSAL.   In criminal prosecution, fact that court does not limit cross-examination of witness to subject about which he testified in chief, standing alone, is not sufficient to authorize reversal of conviction.

7.   CRIMINAL LAW—ERROR IN QUESTIONS TO DEFENSE CHARACTER WITNESS, AS TO CAUSES FOR DEFENDANT'S VARIOUS ARRESTS, HELD WITHOUT PREJUDICE.   In prosecution for assault with intent to inflict bodily harm, error, if any, in district attorney's cross-examination of defense character witness, as to his knowledge of causes for various arrests of defendant, *held*, in view of evidence, without prejudice to defendant.

Appeal from District Court, Seventh District, Carbon County; *Dilworth Woolley*, Judge.

Genaro Buffone was convicted of assault with intent to inflict bodily harm, and he appeals.

AFFIRMED.

*M. P. Braffet*, of Price, for appellant.

*Harvey H. Cluff*, Atty. Gen., and *L. A. Miner*, Asst. Atty. Gen., for the State.

Headnote 1.   40 Cyc. p. 2687.
Headnote 2.   40 Cyc. p. 2719.
Headnote 3.   40 Cyc. p. 2735.
Headnote 4.   17 C. J. p. 336; 40 Cyc. p. 2735.
Headnote 5.   16 C. J. p. 1185.
Headnote 6.   17 C J. p. 314, 316.
Headnote 7.   17 C. J. p. 314.

FRICK, J.

Genaro Buffone, hereinafter called appellant, was convicted in the district court of Carbon county of having feloniously assaulted one Joe Marelli with a deadly weapon, to wit, a revolver, with intent to inflict "bodily harm" upon said Joe Marelli, contrary to our statute. The district court, after overruling the appellant's motion for a new trial, entered judgment that he be imprisoned in the state prison for a term not exceeding 5 years. This appeal is from the judgment.

Appellant insists that the court should have granted his motion for a new trial upon the ground of newly-discovered evidence. No good purpose could be subserved in stating the evidence upon which the conviction and judgment are based. Moreover, it is not and could not successfully be contended that the evidence is not ample to sustain the conviction. In view of that, we shall state only so much of the evidence as is deemed material, and shall state it in connection with the questions that are discussed and decided.

The alleged assault occurred in the dining room or kitchen of one Elizabeth Felice, a widow. At the time of the assault a number of witnesses were present who saw and heard all that occurred. Joe Marelli, upon whom the alleged assault was made was a witness. He testified through an interpreter. during his examination in chief, which was conducted by the county attorney of Carbon county, who assisted the district attorney in the prosecution and who had filed the original complaint before the examining magistrate, the following question was propounded to Marelli: "Did you have a gun with you?" The witness answered: "No." He was then asked: "Did you have any gun at all?" and he answered: "No." On cross-examination he was asked by appellant's counsel: "You say you didn't have any gun?" and he answered: "I didn't have no gun." He was further asked whether immediately after the assault he did not "hand a gun" to a sister of Mrs. Felice, and he answered: "No, sir." He further denied that he had given some cartridges to a

young daughter of Mrs. Felice immediately following the alleged assault. During the trial, however, in examining other witnesses who were present at Mrs. Felice's home when the altercation between the witness Marelli and the appellant occurred and the alleged assault was made by the latter, it was disclosed that Marelli had a gun in his overcoat pocket just before and at the time the alleged assault was made upon him.

The court adjourned before the trial was concluded, and after adjournment, during the evening, the district attorney met with some of the state's witnesses for further conference. During the conference the district attorney asked the witness Marelli why he had denied having a gun. Marelli then admitted that he had a gun in his "mackinaw"; that is, in the outer pocket of his overcoat. He, however, insisted that he had not been asked by the interpreter whether or not he had a gun. The district attorney censured Marelli somewhat severely for his conflicting statements. In some manner not disclosed by the record appellant's attorney obtained information of the interview between the district attorney and the witness Marelli, and the admissions the latter had made at the interview aforesaid.

On the following day appellant's attorney called a young girl, who was present at the interview the preceding evening, and who had heard what passed between the district attorney and the witness Marelli, and attempted to prove the conflicting statements of Marelli. The district attorney objected to proving the statements in that way, upon the ground that what was attempted was to impeach the witness Marelli, and that no proper foundation had been laid to do so for the reason that the matter had not been called to Marelli's attention by proper questions. The court sustained the objection. Appellant's counsel then called the district attorney as a witness and attempted to prove Marelli's statements by him. Objections were made upon the same grounds before stated, and the district court again sustained the objections. It is now insisted that the court erred in excluding the proffered evidence, and appellant's counsel in very strong language

urges that the district attorney was guilty of gross miscon-
duct.

It is elementary that where a witness has made statements
out of court which are in conflict with the statements he has
made as a witness in court, such conflicting statements may
always be shown for the purpose of affecting the credibility
of the witness; that is, to impeach him. It is, however, also
well settled that before a witness may be thus impeached his
attention must be called to the conflicting statements, and the
time when and place where the statements were made as well;
and at least the substance of the statements must be stated to
him. The rule in that regard is as inflexible as it is
humane and practical. If the witness' attention is     **1-3**
called to the conflicting statements he may admit them,
and may perhaps make a satisfactory explanation why he
made them. If he admits the statements, whether he explains
them or not, that ends the inquiry. If, however, he denies
them, either in whole or in part, witnesses may be called to
prove the statements, and he may thus be impeached. We
know of no rule, however, either of law or practice, which
permits the witness to be impeached in the manner that it
was attempted to be done by appellant's counsel in this case.
The district court therefore committed no error in sustaining
the objections. The matter did not rest there, as appellant's
counsel afterwards recalled the witness Marelli for further
cross-examination, as he should have done in the first instance,
and asked him concerning his statements to the district at-
torney. The witness promptly admitted what he had said to
the district attorney, and said that at the time of the alleged
assault he had a gun in his overcoat pocket but did not use it
or have it in his hands. He also said that the interpreter had
not asked him whether he had a gun or not.

In the judgment of the writer, basing the same upon the
entire record, the witness Marelli misstated the fact when
he said he had no gun. Be that as it may, the appellant
obtained full benefit of Marelli's conflicting statements, and
obtained them without objection, when he sought to elicit
them in accordance with established rules of practice and of

evidence. Counsel, however, insists that appellant was prejudiced by the misconduct of the district attorney in his attempt to shield the witness Marelli by making the objections before referred to. No doubt it would have been both wiser and better on the part of the district attorney, when court convened the next morning or at any convenient time during the trial, if he had made a frank statement in open court respecting Marelli's conflicting statements and had tendered the witness for further cross-examination respecting that matter to appellant's counsel, or had called Marelli to the stand himself and had him make his explanation. That was not done. The mere fact that it was not done, however, did not entitle appellant's counsel to prove the statements as he attempted to do.

In justice to the district attorney, it should be stated that the record discloses that he had called the court's attention to Marelli's statements. The matter terminated, however, as we have stated.

The alleged misconduct of the witness, or that of the district attorney, did not constitute newly discovered evidence as contended by appellant's counsel, since everything was known or could have been known by appellant's counsel before the close of the evidence. In view of that, and in further view that the whole matter was before the court and jury, we are clearly of the opinion that appellant was not prejudiced by the irregularity, and hence the court did not err in denying the motion for a new trial upon that ground.

Appellant also contends that the court erred in not requiring the witness Marelli to answer a certain question asked him on cross-examination. The witness was asked what he was doing at a certain time. He answered that he was "working for myself." He was then asked, "Gambling, weren't you, and selling moonshine whisky?" Objection was made to the question by the district attorney, and the court ruled that the question was privileged, and that the witness could answer or not as he chose. The ruling was clearly right. The witness was not bound to incriminate himself.

It is next urged that the court erred in permitting the district attorney to cross-examine one of appellant's witnesses upon subjects not covered by the examination in chief. We have carefully read the statements of the witness, and while, in our judgment, the district court should have restricted the cross-examination of the witness within narrower limits, yet we are satisfied that the appellant was not prejudiced by anything testified to by the witness. The fact that the court does not limit the cross-examination of a witness to the subject about which he testified in chief, standing alone, is not sufficient to authorize a reversal of the judgment. The statements of the witness in this case were confined to what occurred in the presence of the appellant during and immediately after the alleged assault. Moreover, nearly all of the statements made by the witness had already been testified to by other witnesses. True, she did say that immediately after the assault, but while the appellant was present, in attempting to use the telephone she discovered that the wires had been cut or severed. That statement was, however, a part of the transaction and was testified to by other witnesses, all of which the appellant had an opportunity to meet. In view of the whole record, the appellant was not prejudiced by the court's ruling.

It is further contended that the district attorney was guilty of misconduct in propounding certain questions during the course of the cross-examination of one of appellant's witnesses. The appellant called a witness to prove that his general reputation as a peaceable and law-abiding citizen was good. The witness testified to that effect. As part of the cross-examination, the witness disclosed that he did not have much, if any, personal knowledge respecting appellant's general reputation for the traits of character above referred to at Helper, Utah, where the alleged assault occurred. The district attorney, among other questions, asked the witness whether he did not know that the appellant had been charged and convicted in a justice's court of a stated offense. Appellant's counsel objected to the question, and the objection was promptly sustained. Further, while testifying in his own behalf, appel-

lant testified that, at one time he had been employed by the deceased husband of Mrs. Felice. He was asked on cross-examination whether he was not employed to "operate a still." No objection was interposed, and the witness answered, "No." He was further asked whether he had on a certain day been convicted by a justice of the peace for violating the Prohibition Law of the state of Utah. Objection was promptly interposed to the question by appellant's counsel and sustained. It is urged that the asking of the questions referred to constituted misconduct on the part of the district attorney for which a new trial should have been granted, and that the district court erred in not granting a new trial upon those grounds.

We have carefully read the whole evidence and all the proceedings had at the trial, and while we cannot commend the method pursued by the district attorney in asking the questions, nor in all respects approve all of the rulings of the district court, yet, upon the whole record, we are clearly of the opinion that the appellant had a fair trial, and that he was properly found guilty of the offense charged. True it is that the assault arose out of a mere family quarrel, as frequently occurs, especially among foreigners, and the assault does not appear to have been premeditated. When men will, however, insist on arming themselves with firearms in peaceful communities, and will use them in case of difficulty between themselves and their neighbors, they must accept the consequences imposed by law.

The judgment, therefore, should be and it is affirmed.

GIDEON, C. J., and THURMAN, CHERRY, and STRAUP, JJ., concur.